Electronically Filed - Cedar - October 04, 2021 - 03:36 PM

IN THE CIRCUIT COURT OF CEDAR COUNTY, MISSOURI

**CAROLE BOUGH,**

Plaintiff,

vs.

Case No.________________

**CEDAR COUNTY,**
A political subdivision of the
State of Missouri,

[Serve:

Katherine Thompson
Neale and Newman, LLP
2144 E. Republic Road, Suite F-302
Springfield, MO 65804,

Defendant.

**PETITION**

1. Carole Bough ("Bough"), Plaintiff, is a resident of Cedar County, State of Missouri.

2. Cedar County, Defendant, is a governmental agency doing business in Cedar County, State of Missouri and operates the Cedar County Jail, Plaintiff's former employer.

3. The doctrine of sovereign immunity does not apply in actions where a political entity serves as an employer and has violated federal and state employment law.

4. The claims and causes asserted herein arise out of, among other things, tortious conduct committed on behalf of Defendant, Cedar County Jail. Tortious conduct complained of, as set forth hereinafter, occurred in Cedar County, Missouri.

5. Venue of this action is proper in the Circuit Court of Cedar County, Missouri, pursuant to §508.010.4. RSMo., but pursuant to the agreement of the parties, is being brought in Greene County, Missouri.

Electronically Filed - Cedar - October 04, 2021 - 03:36 PM

**FACTUAL ALLEGATIONS**

6. Carole Bough was employed by the Cedar County Jail in Cedar County, Missouri as a Control Operator/Corrections Officer from March 12, 2018 to approximately May 18, 2021.

7. The Cedar County Jail is a governmental agency operated by Cedar County, Missouri.

8. Bough's job duties as a Control Operator/Corrections Officer at the Cedar County Jail were to work in an open office environment with several other employees, assist in administrative tasks, and interact as required with incarcerated persons, among others.

9. During her term of employment for Cedar County, Bough never received a poor evaluation from Cedar County until after she filed a charge of discrimination with the Missouri Commission on Human Rights and the Equal Employment Opportunity Commission.

10. Bough was, at the time of termination of her employment, 75 years old. The vast majority of Bough's colleagues and co-workers were well over 30 years her junior, with the closest employee to her age being at least ten years her junior.

11. Bough was one of only three female employee for the Cedar County Jail, one of which was her direct supervisor Jennifer Gregory.

12. The co-workers Bough routinely interacted with discussed and made jokes about sex, sexual acts, or sexual inferences almost daily. This behavior was not only known and tolerated by Bough's direct supervisor, Jennifer Gregory, but was often encouraged or outright perpetuated by Jennifer Gregory.

13. The sexual comments, jokes and innuendos made in Bough's workplace environment were often directed toward her, with Bough serving as the target of inappropriate sexual comments and jokes almost daily.

Electronically Filed - Cedar - October 04, 2021 - 03:36 PM

14. Bough was the target of inappropriate sexually-charged behavior and jokes because she was a woman and because she was the oldest employee in her work area.

15. When Bough expressed discomfort, distaste, or assertively requested the abuse toward her to stop, the abuse routinely escalated rather than diminished.

16. As an example, Bough does not use the social media application "Snapchat" but became aware that most of her co-workers did. At one point, it came to Bough's attention that someone in her office had created a fake snapchat account under Bough's name, and the account routinely "posted" content shared with many of Bough's co-workers (including Bough's direct supervisor, Jennifer Gregory) which showed photos of Bough that had been altered to be sexually explicit, ie. a post purporting to be from Bough which solicited sex from other co-workers, as a means to laugh at Bough.

17. As an example, Bough's direct supervisor Jennifer Gregory and the male co-workers in Bough's workspace routinely exchanged "massages" on the floor in the center of their shared workspace during work hours. These activities often included one or more people putting hands under shirts and directly onto skin of other co-workers or pulling up or removing shirts, while the massage-giver straddled the recipient of the massage on the floor. Bough's co-workers often made verbal comments suggesting that they knew Bough would really like to participate in the massage exchanging (she did not feel that way) but that she was too old and no one would want to massage Bough.

18. As an example, Bough's co-workers routinely left handwritten sexually charged or hostile notes on her work calendar or personal belongings. The notes said things like "Lick my balls" or "F U Carole". On one occasion, a co-worker drew a penis on Carole's surgical mask she wore at work during the pandemic.

Electronically Filed - Cedar - October 04, 2021 - 03:36 PM

19. As an example, when Bough was away from her desk, one of her co-workers changed her computer screensaver to a photo of a naked black man with a large erect penis. Bough's direct supervisor Jennifer Gregory later acknowledged, while laughing, to Bough that Gregory did that herself.

20. As an example, Bough was often included in "group chat" text message exchanges with all of her co-workers where she was ridiculed, harassed, and made the target of sexual comments or innuendos. In some of these group chat text messages, Bough's co-workers were very explicit about their wish that Bough would quit.

21. Other times, Bough was left off of a "group chat" text message exchange among all her co-workers, and excluded entirely, while her co-workers made it known to her that they were discussing her via text.

22. As an example, Bough's co-workers often used generational slang terms for sexual acts and asked Bough if she liked or preferred some act. When Bough would ask what the slang word meant, unaware that she was becoming the butt of a sexual joke, her co-workers would laugh at her or explain the slang term in a way that made Bough extremely uncomfortable.

23. On more than one occasion, Bough raised concerns about the inappropriate behavior to her co-workers and to her direct supervisor, Jennifer Gregory, but the behavior did not stop.

24. In fact, Jennifer Gregory was often the perpetrator of sexual harassment toward Bough, and openly encouraged that type of behavior toward Bough from other employees.

25. On at least one occasion prior to filing a charge of discrimination, Bough expressed her concerns about this inappropriate behavior directly to the elected Cedar County Sheriff, who was the supervisor over the entire jail, including over Bough's direct supervisor.

Electronically Filed - Cedar - October 04, 2021 - 03:36 PM

26. After Bough expressed concerns to the Cedar County Sheriff, no action was taken to stop the inappropriate behavior toward Bough.

27. The emotional distress Bough experienced as a result of the discriminatory behavior and sexual harassment she was subjected to at her job caused Bough to have to seek medical treatment for anxiety, depression, insomnia, and post-traumatic stress disorder, among other symptoms. Bough continues that treatment to this day.

28. Bough filed a charge of discrimination alleging discrimination based on her sex and her age with the Missouri Commission on Human Rights and the Equal Employment Opportunity Commission on March 25, 2021.

29. After Bough filed the charges of discrimination, Bough was called into the Cedar County Sheriff's office on or about April 28, 2021.

30. At that meeting, Sheriff Jim McCrary informed Bough that he was aware she had filed a charge of discrimination and told Bough that he had spoken about the charge of discrimination with every single one of Bough's co-workers, including her direct supervisor, and that the behavior would stop.

31. Understandably, Bough was embarrassed and uncomfortable that to learn that Sheriff McCrary had discussed her charge of discrimination with every one of her co-workers.

32. Bough expressed to Sheriff McCrary that she did not believe that simply talking to her co-workers about the charge of discrimination would put a stop to the harassment she endured.

33. In that same meeting, after Bough expressed that she did not think a "talking to" would put a stop to her co-workers' harassment of her, Sheriff McCrary began discussing Bough's work performance and suggested that Bough was not doing her job well or sufficiently.

Electronically Filed - Cedar - October 04, 2021 - 03:36 PM

34. Before this meeting with Sheriff McCrary, Bough had never received a complaint or disciplinary conversation related to her work performance ever before.

35. After the meeting with Sheriff McCrary on April 28, 2021, the harassment of Bough by her co-workers increased and became more hostile. In fact, the few days after that meeting were some of the worst days Bough had ever experienced on the job in terms of harassment by her co-workers.

36. Thereafter, Bough filed a second charge of discrimination with the Missouri Commission on Human Rights and the Equal Employment Opportunity Commission, alleging retaliation.

37. Because the harassment and discrimination of Bough increased after she filed her charge of discrimination, Bough was constructively discharged.

38. Bough wrote a resignation letter to Sheriff McCrary wherein she described that she would like to keep her job, but that the sexual harassment and added retaliation she was experiencing as a result of her filing a charge of discrimination was causing such severe emotional and psychological distress that she could no longer continue to work in that environment.

39. Neither Sheriff McCrary nor any other agent of Cedar County ever acknowledged receipt of Bough's letter, much less made any attempt to address the concerns raised therein.

40. Bough received right-to-sue letters from the Equal Employment Opportunity Commission on September 28, 2021 and September 29, 2021.

**Count I: Discrimination Based on Sex**

41. Bough, as a female, is a member of a protected class as defined by both the Missouri Commission on Human Rights and the Equal Employment Opportunity Commission.

42. Bough was qualified to perform her job and did so for a number of years.

43. Bough suffered adverse employment actions in the form of daily unwelcome sexual harassment, ridicule, hostility specifically targeting Bough based on her sex and age, and treatment that generally created an extremely hostile, offensive and abusive work environment which had the purpose and effect of unreasonably interfering with Bough's work performance.

44. Bough was treated different from other similarly situated employees of the opposite sex, who were not targeted with sexual harassment and ridicule.

45. Cedar County, as Bough's employer, knew or should have known of the harassment Bough was being subjected to and failed to take proper remedial action.

46. As a direct result of the actions of Cedar County by and through its employees and agents in subjecting Bough to an abusive and offensive work environment, Bough has suffered damages in the form of actual damages, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

WHEREFORE, Plaintiff requests this Court enter its judgment against Defendant Cedar County, by reason of damages sustained by Plaintiff attributable to the tortious and discriminatory conduct of Plaintiff in violation of the Missouri Human Rights Act, the Age Discrimination In Employment Act, and Title VII of the Civil Rights Act.

**Count II: Discrimination Based on Age**

47. Bough, as a 70-year-old woman, is a member of a protected class as defined by the Equal Employment Opportunity Commission.

48. Bough was qualified to perform her job and did so for a number of years.



Electronically Filed - Cedar - October 04, 2021 - 03:36 PM

Electronically Filed - Cedar - October 04, 2021 - 03:36 PM

49. Bough suffered adverse employment actions in the form of daily unwelcome sexual harassment, ridicule, hostility specifically targeting Bough based on her sex and age, and treatment that generally created an extremely hostile, offensive and abusive work environment which had the purpose and effect of unreasonably interfering with Bough's work performance.

50. Bough was treated different from other similarly situated employees who were younger than her, in that younger employees were not targeted with harassment or humiliated because of their age.

51. Cedar County, as Bough's employer, knew or should have known of the harassment Bough was being subjected to and failed to take proper remedial action.

52. As a direct result of the actions of Cedar County by and through its employees and agents in subjecting Bough to an abusive and offensive work environment, Bough has suffered damages in the form of actual damages, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

WHEREFORE, Plaintiff requests this Court enter its judgment against Defendant Cedar County, by reason of damages sustained by Plaintiff attributable to the tortious and discriminatory conduct of Plaintiff in violation of the Missouri Human Rights Act, the Age Discrimination In Employment Act, and Title VII of the Civil Rights Act.

**Count III: Retaliation**

53. Bough, in filing a charge of discrimination with the Missouri Commission on Human Rights and the Equal Employment Opportunity Commission, engaged in an activity protected by state and federal law.

Electronically Filed - Cedar - October 04, 2021 - 03:36 PM

54. Bough was subsequently verbally disciplined by her boss for poor work performance, even though she had never been disciplined for poor work performance prior to filing the charge of discrimination.

55. After filing a charge of discrimination, Bough was made to feel even more alienated in her workplace by virtue of her boss representing to Bough that he had discussed her charge of discrimination with each and every one of Bough's co-workers, an action that served to publicize the embarrassing sexual harassment Bough had incurred and humiliate her even more.

56. After filing a charge of discrimination, the sexual harassment and age discrimination Bough experienced on the job increased in both volume and intensity.

57. A causal connection existed between Bough's filing of a charge of discrimination and the events and actions described in paragraphs 54 and 55 of this petition.

WHEREFORE, Plaintiff requests this Court enter its judgment against Defendant Cedar County, by reason of damages sustained by Plaintiff attributable to the tortious and discriminatory conduct of Plaintiff in violation of the Missouri Human Rights Act, the Age Discrimination In Employment Act, and Title VII of the Civil Rights Act.

## Count IV: Request for Punitive and Exmplary Damages

58. The conduct of Defendant as described in Counts I, II and III of this petition was outrageous because of Defendant's intentional misconduct, evil motive and reckless indifference to the rights of Bough.

WHEREFORE, Plaintiff requests the Court enter its judgment for award of exemplary or punitive damages, in an amount determined to be fair and reasonable by a trier of fact and in such sum as is necessary in order to deter Defendant from engaging in like conduct in the future, punish

for its past outrageous and intentional conduct as set forth and described hereinabove, and to make an example of it in order to deter others who may be similarly situated from engaging in such conduct in the future.

Electronically Filed - Cedar - October 04, 2021 - 03:36 PM

Electronically Filed - Cedar - October 04, 2021 - 03:36 PM

## VERIFICATION

THE STATE OF MISSOURI
COUNTY OF

Carole Bough, of lawful age, being duly sworn on her oath, states that she is the Petitioner named above and that the facts stated in the Petition are true according to her best knowledge and belief.

Carole Bough, Petitioner

Subscribed and sworn to before me this 1st day of October, 2021

My commission expires: 06/08/2024

Notary Public

KYLA FISHER
NOTARY PUBLIC - NOTARY SEAL
STATE OF MISSOURI
COMMISSIONED FOR CEDAR COUNTY
MY COMMISSION EXPIRES JUN. 08, 2024
ID #12571189

/s/ *Kate Millington*
Kate Millington, MBN 66086
MILLINGTON, GLASS & LOVE
1901 S. Ventura, Suite A
Springfield, Missouri 65804
Telephone: 417/883-6566
Facsimile: 417/883-6689
Email: kmillington@springfieldlaw.net

ATTORNEY FOR PLAINTIFF
CAROLE BOUGH

Electronically Filed - Cedar - October 04, 2021 - 03:36 PM

Electronically Filed - Cedar - October 04, 2021 - 03:36 PM

IN THE CIRCUIT COURT OF CEDAR COUNTY, MISSOURI

| | |
|---|---|
| **CAROLE BOUGH,**<br><br>Plaintiff,<br><br>vs.<br><br>**CEDAR COUNTY,**<br>A political subdivision of the State of Missouri,<br><br>Defendant. | )<br>)<br>)<br>)<br>) Case No.________________<br>)<br>)<br>)<br>)<br>)<br>) |

**STIPULATION FOR CHANGE OF VENUE TO GREENE COUNTY, MISSOURI**

Pursuant to Missouri Supreme Court Rule 51.02, the parties to this suit timely file this stipulation agreeing to removal of this civil action to the Circuit Court of Greene County, Missouri.

**WHEREFORE**, the parties jointly request the Circuit Court of Cedar County, Missouri enter its Order removing this matter to the Circuit Court of Greene County, Missouri for further proceedings.

/s/ *Kate Millington*
Kate Millington, MBN 66086
MILLINGTON, GLASS & LOVE
1901 S. Ventura, Suite A
Springfield, Missouri 65804
Telephone: 417/883-6566
Facsimile: 417/883-6689
Email: kmillington@springfieldlaw.net
ATTORNEY FOR PLAINTIFF
CAROLE BOUGH

*/s/Katherine Thompson*
Katherine Thompson, MBN 65076
NEALE & NEWMAN, LLP
2144 E. Republic Rd., Suite F-302
Springfield, MO 65804
Telephone: 417/882-9090
Facsimilie: 417-882-2529
Email: kthompson@nnlaw.com
ATTORNEY FOR CEDAR COUNTY



# IN THE 28TH JUDICIAL CIRCUIT, CEDAR COUNTY, MISSOURI

| Judge or Division: DAVID R. MUNTON | Case Number: 21CD-CV00445 |
|---|---|
| Plaintiff/Petitioner: CAROLE BOUGH vs. | Plaintiff's/Petitioner's Attorney/Address KATHRYN ANN MILLINGTON 1901A SOUTH VENTURA SPRINGFIELD, MO 65804 |
| Defendant/Respondent: CEDAR COUNTY | Court Address: CEDAR COUNTY COURTHOUSE 113 SOUTH STREET P O BOX 665 STOCKTON, MO 65785 |
| Nature of Suit: CC Employmnt Discrmntn 213.111 | |

*FILED*
*10/4/2021*
*CIRCUIT-ASSOCIATE-PROBATE*
*MELINDA GUMM, CIRCUIT CLERK*
*CIRCUIT COURT CEDAR COUNTY*

(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to: CEDAR COUNTY**
**Alias:**

**SERVE: KATHERINE THOMPSON**
**NEALE AND NEWMAN, LLP**
**2144 E. REPUBLIC ROAD**
**SUITE F-302**
**SPRINGFIELD, MO 65804**

*COURT SEAL OF*
CIRCUIT COURT OF MISSOURI
*CEDAR COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

04-OCT-2021 ____________ Date

*/s/ Sarah Turner* ____________ Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with ______________________, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
______________________ (name) ______________________ (title).
☐ other: ______________________.

Served at ______________________ (address)

in ______________ (County/City of St. Louis), MO, on ______________ (date) at ________ (time).

______________________ Printed Name of Sheriff or Server

______________________ Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on ______________________ (date).

*(Seal)*

My commission expires: ____________ Date ______________________ Notary Public

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $________ |
| Non Est | $________ |
| Sheriff's Deputy Salary Supplemental Surcharge | $ 10.00 |
| Mileage | $________ (______ miles @ $.______ per mile) |
| **Total** | **$________** |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - Cedar - October 28, 2021 - 01:50 PM

IN THE CIRCUIT COURT OF CEDAR COUNTY, MISSOURI

| | | |
|---|---|---|
| **CAROLE BOUGH**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.21CD-CV00445 |
| | ) | |
| **CEDAR COUNTY,** | ) | |
| A political subdivision of the | ) | |
| State of Missouri, | ) | |
| | ) | |
| Defendant. | ) | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 28th day of October, 2021, a true and correct copy of the following was sent via e-mail, to the below attorneys of record.

1. ***Plaintiff's First Interrogatories to Defendant; and***
2. ***Plaintiff's First Request for Production of Documents to Defendant.***

Ms. Katherine Thompson
Neale & Newman, LLP
2144 E. Republic Road, Suite F-302
Springfield, MO 65804
kthompson@nnlaw.com

*/s/ Kate Millington*
Kate Millington, MBN 66086
MILLINGTON, GLASS & LOVE
1901 S. Ventura Avenue, Suite A
Springfield, Missouri 65804
Telephone: 417/883-6566
Facsimile: 417/883-6689
kmillington@springfieldlaw.net
ATTORNEYS FOR PLAINTIFF

Electronically Filed - Cedar - October 28, 2021 - 01:50 PM

IN THE CIRCUIT COURT OF CEDAR COUNTY, MISSOURI

| | | |
|---|---|---|
| **CAROLE BOUGH**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.21CD-CV00445 |
| | ) | |
| **CEDAR COUNTY,** | ) | |
| A political subdivision of the | ) | |
| State of Missouri, | ) | |
| | ) | |
| Defendant. | ) | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 28th day of October, 2021, a true and correct copy of the following was sent via e-mail, to the below attorneys of record.

1. ***Plaintiff's First Interrogatories to Defendant; and***
2. ***Plaintiff's First Request for Production of Documents to Defendant.***

Ms. Katherine Thompson
Neale & Newman, LLP
2144 E. Republic Road, Suite F-302
Springfield, MO 65804
kthompson@nnlaw.com

*/s/ Kate Millington*
Kate Millington, MBN 66086
MILLINGTON, GLASS & LOVE
1901 S. Ventura Avenue, Suite A
Springfield, Missouri 65804
Telephone: 417/883-6566
Facsimile: 417/883-6689
kmillington@springfieldlaw.net
ATTORNEYS FOR PLAINTIFF